**Commonwealth of Massachusetts**
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**WOBURN**

MICV 2011-858

I, C. Andrew Johnson, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on this 17th Day of MARCH in the year of our Lord 2011.

In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Woburn, in said County, this 1st Day of April, in the year of our Lord Two Thousand Eleven.

C. Andrew Johnson
Deputy Assistant Clerk

ORDER FORMS

Total Amount - Cash $________

Checks $ 68.90

Case No. 2011-858

Copies ( )
Certified Copies (2)
Certificates of Judgment ( )
Transcripts ( )
Notary Certificates ( )
Depositions ( )
Pass Port ( )
Clerk Certificate ( )
Summons ( )
Postage (2)

Date 4/5/11

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
APR 05 2011
CLERK

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
APR - 1 2011
CLERK

ANDRIA NEMODA,
Plaintiff,

v.

C.A. NO. 11-10547

TOWN OF BURLINGTON, ROBERT MERCIER, individually and in his capacity as Town Administrator, SHARON WALKER MASTENBROOK, individually and in her capacity as Director of Public Health, CATHY PICCOLO, individually and in her capacity as Principal Clerk, EUGENE T. MCSWEENEY, individually and in his capacity as Board of Health Chairman, DR. EDWARD WEINER, individually and in his capacity as Board of Health Vice Chairman, DR. CATHERINE READ, JAMES DION and DR. WAYNE SALTSMAN, individually and in their respective capacities as Board of Health Members, jointly and severally,
Defendants.

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT**
**28 U.S.C. § 1441(a)**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Petitioners, TOWN OF BURLINGTON, ROBERT MERCIER, individually and in his capacity as Town Administrator, SHARON WALKER MASTENBROOK, individually and in her capacity as Director of Public Health, CATHY PICCOLO, individually and in her capacity as Principal Clerk, EUGENE T. MCSWEENEY, individually and in his capacity as Board of Health Chairman, DR. EDWARD WEINER, individually and in his capacity as Board of Health Vice Chairman, DR. CATHERINE READ, JAMES DION and DR. WAYNE SALTSMAN, individually and in their respective capacities as Board of Health Members, jointly and severally, respectfully petition this Court, pursuant to 28 U.S.C. § 1441(a), for removal of the above-

Case 1:11-cv-10547 Document 1 Filed 03/31/11 Page 2 of 4

entitled action to the United States District Court for the District of Massachusetts, Civil Section, from the Superior Court of the Commonwealth of Massachusetts in and for Middlesex County, and for its Notice of Removal states as follows:

1. The petitioners are named as defendants by the plaintiff, Andria Nemoda, in a civil action filed in the Superior Court of the Commonwealth of Massachusetts in and for Middlesex County, entitled *Andria Nemoda v. Town of Burlington, et al.*, Civil Action No. MICV2011-00858. On March 21, 2011, the petitioners were served with a Summons and a copy of the plaintiff's Complaint. Copies of the Summons and Complaint served upon the petitioner Town of Burlington are attached hereto as Exhibits "A" and "B," respectively. The petitioners have not yet answered or otherwise responded to said Summons and Complaint, nor has an appearance been filed in Middlesex Superior Court on their behalf.

2. This is a suit of a wholly civil nature brought in a Massachusetts state court. The action is pending in Middlesex County, Massachusetts, and, accordingly, under 29 U.S.C. § 101 and 28 U.S.C. § 1441(a), the United States District Court for the District of Massachusetts is the proper forum for removal.

3. In various counts of her action, the plaintiff seeks relief for the alleged violation of her civil rights by the petitioners under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3). The plaintiff seeks further relief for the injuries and damages she allegedly suffered as a result of this violation.

4. Because this civil action arises at least in part under the Constitution and laws of the United States, the United States District Court has original jurisdiction under 28 U.S.C. § 1331.

5. The petitioners are filing this Notice of Removal within thirty (30) days of service of the Summons and Complaint, within thirty days of the date this action became removable, and within the time for filing this petition. See 28 U.S.C. § 1446.

6. The petitioner will file a Notice of Filing of this Notice of Removal and a copy of this Notice of Removal with the Clerk of the Superior Court of Massachusetts, County of Middlesex.

7. Pursuant to Local Rule 81.1(a), the petitioners shall request of the Clerk of the Superior Court of Massachusetts, County of Middlesexl, certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries therein, and shall file the same with this Court within thirty (30) days after the filing of this Notice of Removal.

WHEREFORE, petitioners pray that the above-entitled action now pending in the Superior Court of the Commonwealth of Massachusetts in and for Middlesex County be removed from that Court to this United States District Court.

Respectfully submitted,

The Defendants,
TOWN OF BURLINGTON, ROBERT MERCIER, individually and in his capacity as Town Administrator, SHARON WALKER MASTENBROOK, individually and in her capacity as Director of Public Health, CATHY PICCOLO, individually and in her capacity as Principal Clerk, EUGENE T. MCSWEENEY, individually and in his capacity as Board of Health Chairman, DR. EDWARD WEINER, individually and in his capacity as Board of Health Vice Chairman, DR. CATHERINE READ, JAMES DION and DR. WAYNE SALTSMAN, individually and in their respective capacities as Board of Health Members, jointly and severally,
By their attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

/s/ Adam Simms
Adam Simms, BBO #632617
90 Canal Street
Boston, MA 02114
(617) 350-0950
asimms@piercedavis.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, Notice of Removal to the United States District Court U.S.C. § 1441(a), filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon counsel of record as follows on March 31, 2011:

John G. DiPiano, Esq.
Stephanie A. Wittbecker, Esq.
DiPiano Godson LLP
210 Broadway, Suite 202
Lynnfield, MA 01940

/s/ Adam Simms
Adam Simms

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT
C.A. NO.: MICV2011-00858

ANDRIA NEMODA,
Plaintiff,

v.

TOWN OF BURLINGTON, ET AL.,
Defendants.

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
APR - 1 2011
CLERK

**NOTICE OF FILING OF NOTICE OF REMOVAL**

Please take notice that the Defendants, TOWN OF BURLINGTON, ROBERT MERCIER, individually and in his capacity as Town Administrator, SHARON WALKER MASTENBROOK, individually and in her capacity as Director of Public Health, CATHY PICCOLO, individually and in her capacity as Principal Clerk, EUGENE T. MCSWEENEY, individually and in his capacity as Board of Health Chairman, DR. EDWARD WEINER, individually and in his capacity as Board of Health Vice Chairman, DR. CATHERINE READ, JAMES DION and DR. WAYNE SALTSMAN, individually and in their respective capacities as Board of Health Members, jointly and severally, filed a **Notice of Removal Pursuant to 28 U.S.C. §1441(a)**, a copy of which is attached, in the office of the Clerk of the United States District Court for the District of Massachusetts on March 30, 2011, relative to the removal and transfer of the above-captioned action.

Respectfully submitted,

The Defendants,
TOWN OF BURLINGTON, ROBERT MERCIER, individually and in his capacity as Town Administrator, SHARON WALKER MASTENBROOK, individually and in her capacity as Director of Public Health, CATHY PICCOLO, individually and in her capacity as Principal Clerk, EUGENE T. MCSWEENEY, individually and in his capacity as Board of Health Chairman, DR. EDWARD WEINER, individually and in his capacity as Board of Health Vice Chairman, DR. CATHERINE READ, JAMES DION and DR. WAYNE SALTSMAN, individually and in their respective capacities as Board of Health Members, jointly and severally,
By their attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

Adam Simms, BBO #632617
90 Canal Street
Boston, MA 02114
(617) 350-0950
asimms@piercedavis.com

**CERTIFICATE OF SERVICE**

I, Adam Simms, hereby certify that on this 31st day of March, 2011, I caused a true and accurate copy of the foregoing, Notice of Filing of Notice of Removal, to be served upon the attorney of record for each party by first-class mail.

Adam Simms

**PIERCE, DAVIS & PERRITANO, LLP**
COUNSELLORS AT LAW

90 CANAL STREET
BOSTON, MA 02114-2018

TELEPHONE (617) 350-0950
FACSIMILE (617) 350-7760

Joel F. Pierce
John J. Davis*
Judith A. Perritano
John J. Cloherty III*
Daniel G. Skrip♦
David C. Hunter†
Adam Simms†

Of counsel:
Gerald Fabiano
Helen G. Litsas
Maria E. DeLuzio
Charles K. Mone•▪†*

Roger R. Allcroft*
Seth B. Barnett
John P. Cronin
Jason W. Crotty□
Michael D. Leedberg•
Melissa M. Malloy*
Thomas A. Mountain
Beth A. Oldmixon*
Meghan L. Riordan
Robert G. Weller
Clinton J. Wolbert

* also admitted in RI
♦ also admitted in PA
† also admitted in NY
▪ also admitted in CT
□ also admitted in FL
• also admitted in ME

March 31, 2011

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
APR - 1 2011
CLERK

Civil Clerk
Middlesex Superior Court
200 TradeCenter
Woburn, MA 01801

Re: Andria Nemoda v. Town of Burlington, et al.
Middlesex Superior Court, C.A. No. MICV2011-00858
Our File No.: 164-0409064

Dear Sir/Madam:

This office represents the defendants in the above-captioned matter. On this date, the defendants filed in the United States District Court for the District of Massachusetts a Notice of Removal Pursuant to 28 U.S.C. § 1441(a), a copy of which is enclosed for docketing and filing, along with the Civil Cover Sheet and Category Form. Please provide the U.S. District Court with a certified or attested copy of all records and proceedings in the Middlesex Superior Court and a certified or attested copy of all docket entries in Middlesex Superior Court in connection with this action. This request is made in compliance with Local Rule 81.1 of the United States District Court for the District of Massachusetts.

If you have any questions or require additional information, please do not hesitate to contact me. Thank you for your assistance.

Sincerely,

**PIERCE, DAVIS & PERRITANO, LLP**

Adam Simms

AS/mm
Enclosures

cc: John G. DiPiano, Esq.

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

MIDDLESEX DIVISION

DOCKET NO.: 11-0858

2

ANDRIA NEMODA,

Plaintiff,

v.

TOWN OF BURLINGTON, ROBERT MERCIER, individually and in his capacity as Town Administrator, SHARON WALKER MASTENBROOK, individually and in her capacity as Director of Public Health, CATHY PICCOLO, individually and in her capacity as Principal Clerk, EUGENE T. McSWEENEY, Individually, and in his capacity as Board of Health Chairman, DR. EDWARD WEINER, individually and in his capacity as Board of Health Vice Chairman, DR. CATHERINE READ, JAMES DION and DR. WAYNE SALTSMAN, individually and in their respective capacities as Board of Health Members, jointly and severally,

Defendants.

MAR 17 2011
CLERK

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

NOW comes Andria Nemoda, Plaintiff, in the above-entitled matter, and respectfully requests that this honorable court appoint Constable Richard Kelley as Special Process Server for the purpose of effectuating civil process upon the defendants in the above-entitled matter.

As grounds for this request, Plaintiff states that she desires to effectuate service in an expeditious manner and that allowance of this motion will not prejudice the defendants.

3/17/11 Motion Allowed
Attest: Ellen M. DiLoce
Deputy Assistant Clerk
( Murtagh J.)

WHEREFORE, Plaintiff prays that this motion be ALLOWED.

Respectfully Submitted,
The Plaintiff,
By their Attorney,

Dated: March 17, 2011

John G. DiPiano (BBO#630134)
Stephanie A. Wittbecker (BBO#675572)
DiPIANO GODSON LLP
210 Broadway, Suite 202
Lynnfield, MA 01940
781-780-7080 (tel.)
781-780-7081 (fax.)

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

MIDDLESEX DIVISION

DOCKET NO.: 11-0858

ANDRIA NEMODA,

Plaintiff,

v.

TOWN OF BURLINGTON, ROBERT MERCIER, individually and in his capacity as Town Administrator, SHARON WALKER MASTENBROOK, individually and in her capacity as Director of Public Health, CATHY PICCOLO, individually and in her capacity as Principal Clerk, EUGENE T. McSWEENEY, Individually, and in his capacity as Board of Health Chairman, DR. EDWARD WEINER, individually and in his capacity as Board of Health Vice Chairman, DR. CATHERINE READ, JAMES DION and DR. WAYNE SALTSMAN, individually and in their respective capacities as Board of Health Members, jointly and severally,

Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

7357E000003/17/11CIVIL 240.00
7357E000003/17/11SURCHARGE 15.00
7357E000003/17/11SECC 20.00
7357E000003/17/11SUMMONS 45.00

CLERK OF COURT
FOR THE COUNTY OF MIDDLESEX
MAR 17 2011
CLERK

**PARTIES**

1. Plaintiff Andria Nemoda (hereinafter "Nemoda"), is a natural person who resides in Salisbury, Massachusetts and who was employed as a Supervising Nurse by the Town of Burlington.

2. Defendant Town of Burlington is a municipal corporation located within the metes and bounds of the Commonwealth of Massachusetts.

3. Defendant Robert Mercier (hereinafter "Mercier"), is the Town Administrator of Burlington and is being sued in his individual and official capacities.

4. Defendant Sharon Walker-Mastenbrook (hereinafter "Mastenbrook"), is the Director of Public Health for Burlington and is being sued in her individual and official capacities.

5. Defendant Cathy Piccolo (hereinafter "Piccolo") is the Principal Clerk of the Burling Public Health Department and is being sued in her individual and official capacities.

6. Defendant Eugene T. McSweeney (hereinafter "McSweeney) is an elected member of the Burlington Board of Health, serves in the capacity of Chairman of that board, and is being sued in his individual and official capacities.

7. Defendant Dr. Edward Weiner (hereinafter "Weiner") is an elected member of the Burlington Board of Health, serves in the capacity of Vice Chairman of that board, and is being sued in his individual and official capacities.

8. Defendants Dr. Catherine Read, James Dion, and Dr. Wayne Saltsman, (hereinafter "Read," "Dion," and "Saltsman," respectively) are members of the Burlington Board of Health and each Defendant is being sued in his or her individual and official capacities.

## **FACTS**

9. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-8 of this complaint as if each was specifically restated herein.

10. Nemoda was hired by the Burlington Board of Health on or about January 28, 2008.

11. Nemoda was hired as a Supervising Nurse by the Burlington Board of Health.

12. Nemoda faithfully and satisfactorily performed the duties of her position while she was employed by Burlington.

13. Nemoda was suspended by the Board of Health on or about September 25, 2009 amidst allegations of unethical conduct.

14. Nemoda's suspension was initiated by Mastenbrook, who interrupted a patient meeting between Nemoda and a patient in order to effectuate notice of Nemoda's suspension.

15. Subsequent to her suspension, McSweeney, Mastenbrook and Piccolo conspired to acquire information against Nemoda in order to effectuate her being discharged from Burlington's employ.

16. McSweeney contacted a town resident who had dropped off groceries to the Board of Health Nurse's Office on or about September 25, 2009 for Nemoda.

17. McSweeney caused a so-called "statement" of this resident to be drafted which statement purported to comprise testimony of the alleged donor.

18. On or about September 28, 2009, McSweeney's purported "statement" were presented to the donor by Mastenbrook, McSweeney and Piccolo and his signature was requested by the co-conspirators.

19. The donor refused to sign McSweeney's purported "statement."

20. Undeterred in their plan to cause Nemoda to permanently lose her job with Burlington, McSweeney, Mastenbrook, Piccolo, and the Board of Health, jointly and severally, enlisted the aid of Mercier in their quest to have Nemoda permanently discharged. Toward that end, members of the board engaged in private email communications comprising deliberations between them in violation of open meeting law provisions.

21. Upon barely 3 week's notice, Nemoda was called upon to attend and defend herself at a Burlington Board of Health hearing, with Mercier presiding as hearing officer. Prior to that

hearing, Nemoda was advised of scheduled Executive Sessions of the Board of Health, which sessions violated open meeting law provisions.

22. The hearing resulted in a self-serving report substantiating a decision to fire Nemoda as a Supervising Nurse based upon alleged ethics violations due to her receiving groceries and because of her expression of speech to the donor, despite their being no finding that the value of the groceries exceeded $50.00.
23. Nemoda was not present at the Nurse's Office when the donor dropped off the groceries.
24. Nemoda did not receive the groceries from the donor.
25. Staff members Heidi Porter (hereinafter "Porter"), Paula Manzo (hereinafter "Manzo") and Defendant Piccolo received the groceries from the donor.
26. Nemoda had refused to accept cash from the donor on prior occasions when he offered cash to Nemoda.
27. Other items had been delivered to the staff members of the Board of Health in the past, without consequence.
28. Nemoda's suspension and subsequent discharge was pre-textual and a violation of her constitutional, statutory and common law rights.
29. At all times relevant hereto, and up to and including the date of her suspension and the date of her discharge, Nemoda was pregnant.
30. Nemoda's pregnancy was difficult, and this difficulty was known, or should have been known, by the Defendants.
31. Prior to the November 17, 2010 decision Nemoda had requested Family Medical Leave Act paperwork from Burlington.

32. The decision to discharge Nemoda was rendered after the Family Medical Leave Act paperwork had been requested and days before the application was submitted to Burlington.

33. Nemoda experienced severe emotional distress by and through the actions of the defendants.

34. Said emotional distress exacerbated the difficult pregnancy Nemoda was experiencing at all times relevant hereto.

35. Burlington circulated a legal advisory memorandum to its staff members of the Board of Health, which memorandum was sent to Mercier and town executives on or about September 3-10, 2009, approximately 3 weeks prior to Nemoda's suspension, and approximately 10 weeks prior to Nemoda's discharge.

36. The legal advisory memorandum clearly states as follows:

> [] Chapter 268A, §3, which prohibits any public official from receiving or any person from offering, and gift or gratuity of substantial value for or because of an official act. . . . [T]he State Ethics Commission has to date interpreted the term ["substantial value"] as applying to gifts valued ***at $50 or more.***

37. The Burlington employee's handbook, in effect at the time that the donor dropped off the gifts in September 2009, states that "[y]ou may not ask for or accept anything worth $50 or more from anyone with whom you have official dealings."

38. Despite the lack of evidence of the value of the groceries, Nemoda was suspended and later fired after hearing, while simultaneously experiencing a difficult pregnancy.

39. No known disciplinary action has been taken against Porter, Manzo and Piccolo, despite the fact that it was they who actually physically received the groceries from the donor and facilitated the transfer of the groceries to Nemoda.

40. Nemoda's pregnancy terminated amidst the intense stress imparted to her by the Defendants when Baby Girl Nemoda was born at 23 weeks 6 days of gestation on January 2, 2010.

41. Baby Girl Nemoda died approximately 3 hours after her birth due to extreme prematurity and respiratory failure.

42. Nemoda is a member of the American Federation of State, County and Municipal Employees ("AFSCME") and arbitration on her employment discharge is scheduled for September 2010.

43. Despite the fact that the Defendants' suspension and discharge has not been reviewed in arbitration as appropriate, Mastenbrook notified Nemoda on March 26, 2010 of another Executive Session of the Board of Health.

44. The sole reason given to Nemoda for the March 26, 2010 meeting was the following agenda item: "Your R.N. license will be discussed," thus implicating Nemoda's professional competency.

45. At Nemoda's request, while represented by private counsel, for (a) a stenographer to record the meeting of the Executive Session of the Board of Health, and (b) for a continuance pending arbitration, the March 26, 2010 Board of Health meeting was suspended indefinitely.

46. Burlington continues to oppose Nemoda's request for Unemployment Benefits from the Commonwealth of Massachusetts.

**COUNT I**

47. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-46 as if each was specifically repeated herein.

48. Defendants individually and as part of a conspiracy have under color of authority suspended and terminated Nemoda in violation of her Constitutional right of free speech pursuant to the First Amendment and, therefore in violation of 42 U.S.C. §1983.

**COUNT II**

49. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-48 as if each was specifically repeated herein.

50. Defendants individually and as part of a conspiracy have under color of authority suspended and terminated Nemoda in violation of her Constitutional right of due process of law, pursuant to the Fourteenth Amendment, and, therefore in violation of 42 U.S.C. §1983.

**COUNT III**

51. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-50 as if each was specifically repeated herein.

52. Defendants individually and as part of a conspiracy have under color of authority terminated Nemoda in violation of her Constitutional right of equal protection of the laws, pursuant to the Fourteenth Amendment, and, therefore in violation of 42 U.S.C. §1983.

**COUNT IV**

53. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-52 as if each was specifically repeated herein.

54. Defendants individually and as part of a conspiracy have by threats, intimidation and harassment suspended and terminated Nemoda in violation of her constitutional right of free speech and, therefore in violation of M.G.L. c. 12 § 11I.

**COUNT V**

55. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-54 as if each was specifically repeated herein.

56. Defendants individually and as part of a conspiracy have by threats, intimidation and harassment suspended and terminated Nemoda in violation of her constitutional right of due process and, therefore in violation of M.G.L. c. 12 § 11I.

**COUNT VI**

57. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-56 as if each was specifically repeated herein.

58. Defendants individually and as part of a conspiracy have under color of authority terminated Nemoda in violation of her constitutional right of equal protection, and therefore in violation of M.G.L. c. 12 §11I.

**COUNT VII**

59. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-58 as if each was specifically repeated herein.

60. Defendants conspired under color of authority to deprive Nemoda, directly or indirectly, the equal protection of the laws, or of equal privileges and immunities under the laws, and therefore violated the provisions of 42 U.S.C. § 1985 (3), jointly and severally.

**COUNT VIII**

61. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-60 as if each was specifically repeated herein.

62. Certain of the Defendants knew, or had cause to know, of the wrongful acts that were to be committed to Nemoda and, having power to prevent said acts from being committed, neglected to prevent said acts from being committed and are therefore liable to Defendants, jointly and severally pursuant to 42 U.S.C. § 1983.

**COUNT IX**

63. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-62 as if each was specifically repeated herein.

64. Defendants have individually and conspiratorially intentionally interfered with Nemoda's contract of employment and his contractual rights.

**COUNT X**

65. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-64 as if each was specifically repeated herein.

66. Nemoda has experienced severe emotional distress due to the actions of the Defendants, jointly and severally.

67. Defendant's actions are the proximate cause of Nemoda's emotional distress.

68. Defendant's individually and conspiratorially have intentionally inflicted emotional distress upon Nemoda.

**COUNT XI**

69. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-68 as if each was specifically repeated herein.

70. Nemoda has experienced severe emotional distress due to the actions of the Defendants, jointly and severally.

71. Defendant's actions are the proximate cause of Nemoda's emotional distress.

72. Defendant's individually and conspiratorially have negligently inflicted emotional distress upon Nemoda.

**COUNT XII**

73. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-72 as if each was specifically repeated herein.

74. Defendants have individually and conspiratorially acted as part of a common enterprise for the purpose of interfering with Nemoda's constitutional, statutory and like rights of employment and therefore are jointly and severally liable pursuant to the doctrine of common law conspiracy.

**COUNT XIII**

75. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-74 as if each was specifically repeated herein.

76. Defendants have acted individually and conspiratorially to cause Nemoda a loss of consortium as to Baby Girl Nemoda.

**COUNT XIV**

77. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-76 as if each was specifically repeated herein.

78. Defendants have acted individually and conspiratorially to cause person injury to Nemoda as a result of their wrongful acts and/or negligence in violation of M.G.L. c. 258 §2 and are therefore jointly and severally liable for said injuries.

**COUNT XV**

79. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-78 as if each was specifically repeated herein.

80. By their actions in deliberating between and among themselves and conducting Executive Sessions concerning Nemoda's employment, the Defendants violated applicable provisions of G.L. c. 39, *et seq.*

81. Nemoda suffered damages as a result of said violations by the Defendants.

82. The Defendants are liable for said damages, jontly and severally.

WHEREFORE, Plaintiffs pray that this honorable court enter judgment against the defendants, jointly and severally, and:

1. Order fair and reasonable compensation for Plaintiff's emotional distress;
2. Order fair and reasonable compensation for actual damages to the Plaintiff;
3. Order fair and reasonable compensation for consequential damages to the Plaintiff;
4. Order such fair and reasonable punitive damages to Plaintiff for Defendants' violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985(3) and 42 U.S.C. §1986, M.G.L. c. 258 §2;
5. Order such fair and reasonable punitive damages to Plaintiffs for Defendants' violations of M.G.L. c. 12, § 11I;
6. Order fair and reasonable Attorney's Fees to the Plaintiffs;

7. Order such other relief as this court deems meet and just.

Respectfully Submitted,
The Plaintiff,
By her Attorneys,

Dated: March 17, 2011

John G. DiPiano (BBO#630134)
Stephanie A. Wittbecker (BBO#675572)
DiPIANO GODSON LLP
210 Broadway, Suite 202
Lynnfield, MA 01940
781-780-7080 (tel.)
781-780-7081 (fax.)

***<u>THE PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL COUNTS SO TRIABLE</u>***

**Commonwealth of Massachusetts**
**County of Middlesex**
**The Superior Court**

CIVIL DOCKET # **MICV2011-00858-H**
**Courtroom Civil H - Ct Rm 520- 200 TradeCenter, Woburn**

RE: **Nemoda v Burlington et al**

TO: John G DiPiano, Esquire
DiPiano Godson LLP
210 Broadway
Suite 202
Lynnfield, MA 01940

**SCHEDULING ORDER FOR A TRACK**

______ You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue by **03/01/2014**

**STAGES OF LITIGATION** **DEADLINES**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 06/15/2011 | 06/15/2011 | |
| Response to the complaint filed (also see MRCP 12) | | 07/15/2011 | |
| All motions under MRCP 12, 19, and 20 | 07/15/2011 | 08/14/2011 | 09/13/2011 |
| All motions under MRCP 15 | 05/10/2012 | 06/09/2012 | 06/09/2012 |
| All discovery requests **and depositions** served and non-expert depositions completed | 03/06/2013 | | |
| All motions under MRCP 56 | 04/05/2013 | 05/05/2013 | |
| Final pre-trial conference held and/or firm trial date set | | | 09/02/2013 |
| Case shall be resolved and judgment shall issue by **03/01/2014** | | | **03/01/2014** |

- **The final pre-trial deadline is not the scheduled date of the conference.**
- **You will be notified of that date at a later time.**
- **Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

Dated: 03/18/2011

Michael A. Sullivan
Clerk of the Court

Telephone: 781-939-2772

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130** --Check website as to status of case: http://**ma-trialcourts.org/tcic** 3669898 inidoc01 dipacee

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY OF MIDDLESEX | DOCKET NO. 11-0858 |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Andria Nemoda | Town of Burlington, et al |

| | |
|---|---|
| Plaintiff Atty: John G. DiPiano | Type Defendant's Attorney Name |
| Address: DiPiano Godson LLP, 210 Broadway, Suite 202 | Defendant Atty: |
| City: Lynnfield State: MA Zip Code: 01940 | Address: |
| Tel. +1 (781) 780-7080 BBO# 630,134 | City: State: Zip Code: |

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E03 | Claims against Comm or Municipality | Average Track | (X) Yes ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

See Attached

## TORT CLAIMS

(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses $pendng
2. Total doctor expenses $
3. Total chiropractic expenses $
4. Total physical therapy expenses $
5. Total other expenses (describe) $

Subtotal $

B. Documented lost wages and compensation to date $
C. Documented property damages to date $
D. Reasonably anticipated future medical expenses $
E. Reasonably anticipated lost wages and compensation to date $
F. Other documented items of damages (describe) $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe) $

See attached

Total $ 3.5 mln

FILED IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX MAR 17 2011 CLERK

## CONTRACT CLAIMS

(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

None known

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record ______________________ Date:

A.O.S.C. 3-2007

# CIVIL ACTION COVER SHEET INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### * CONTRACTS

| | | |
|---|---|---|
| A01 | Services, Labor and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

### *TORT

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence personal injury/property damage | (F) |
| B04 | Other Negligence-personal injury/property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-MedicaL | (A) |
| B07 | Malpractice-Other (Specify) | (A) |
| B08 | Wrongful Death, G.L. c.229, s.2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury- slip & fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth | (A) |

### * REAL PROPERTY

| | | |
|---|---|---|
| C01 | Land Taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

### EQUITABLE REMEDIES

| | | |
|---|---|---|
| D01 | Specific Performance of Contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L. c. 231A | (A) |
| D99 | Other (Specify) | (F) |

### MISCELLANEOUS

| | | |
|---|---|---|
| E02 | Appeal from Administrative Agency G.L. c. 30A | (X) |
| E03 | Claims against Commonwealth or Municipality | (A) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E07 | G.L. c.112, s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General Contractor bond, G.L. c. 149, ss. 29, 29a | (A) |
| E11 | Worker's Compensation | (X) |
| E12 | G.L.c.123A, s.12 (SDP Commitment) | (X) |
| E14 | G.L. c. 123A, s. 9 (SDP Petition) | |
| E15 | Abuse Petition, G. L. c. 209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, s. 11H | (A) |
| E18 | Foreign Discovery Proceeding | (X) |
| E19 | Sex Offender Registry G.L. c. 178M, s. 6 | (X) |
| E21 | Protection from Harassment c 258E | (X) |
| E25 | Plural Registry (Asbestos cases) | |
| E95 | **Forfeiture G.L. c. 94C, s. 47 | (F) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

***Claims against the Commonwealth or a municipality are type E03, Average Track, cases.**
****Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.**

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [ X ] Yes [ ] |

## SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**

DiPIANO GODSON LLP
Attorneys at Law
210 Broadway, Suite 202
Lynnfield, Massachusetts 01940
Telephone: 781-780-7080
Facsimile: 781-780-7081

John G. DiPiano
Lloyd D. Godson
Edward F. Hoard, LL.M.
Elisabetta Daneu
Stephanie A. Wittbecker
Jo-Ann M. Stankus (*Paralegal*)

Anne L. Berger (*Of Counsel*)
BERGER & SMALL
Elizabeth A. D'Angelo (*Of Counsel*)

COPY

July 22, 2010

Mr. Ralph C. Patuto, Esquire
Chairman, Board of Selectmen
Burlington Town Hall
29 Center Street
Burlington, MA 01803

***Via First-Class Mail, Postage Pre-Paid***
***& Certified Mail–Return Recp't Requested***
***# 7003-0500-0001-3987-8304***

RE: Andria Nemoda, et al v. Town of Burlington, et al.

Dear Chairman Patuto:

This office serves as legal counsel to Andria Nemoda and Michael D. Watkins regarding the above-entitled matter. This correspondence comprises written presentment of claims against the Town of Burlington, and its employees, pursuant to the following Massachusetts and Federal Statutory Provisions: Massachusetts General Law, Chapter 258, §4; 42 United States Code §1981; 42 United States Code §1983; 42 United States Code § 985; 42 United States Code §1986 and 42 United States Code §1988. Ms. Nemoda claims damages as a result of the wrongful acts, misconduct, and negligence of the Town of Burlington, its employees, and members of the Board of Health from September 24, 2009 through present.

On September 24, 2009, Ms. Nemoda resided at 521 Farms Drive, Burlington, Massachusetts with her husband Michael Watkins and her son. At that time she was pregnant with her second child, a baby girl. At all times relevant to the circumstances and events described herein, Ms. Nemoda was employed, or was recently employed, as a Supervising Nurse for the Town of Burlington Board of Health.

On September 24, 2009, Ms. Nemoda was performing her customary duties as a Supervising Nurse for the Board of Health. While on duty, but physically away from the premises located at 61 Center Street, Burlington, Massachusetts, Ms. Nemoda was contacted by telephone by Mrs. Cathy Piccolo, Principal Clerk for the Burlington Board of Health. Mrs. Piccolo informed Ms. Nemoda that there were "perishables" in the office for her that had to be retrieved. The food that was dropped off by an appreciative, elderly town resident was of inconsequential value; and, no finding by the town has been made that the donation was worth more than twenty three dollars ($23.00) in value.

Also present at the Board of Health offices on the afternoon of September 24, 2009 when the groceries were delivered were Ms. Heidi Porter and Ms. Paula Manzo, coworkers of Mrs. Piccolo at the Burlington Board of Health.

Neither Mrs. Piccolo, nor Ms. Porter, nor Ms. Manzo turned the donor away with the food he wished to deliver. Instead, they collectively accepted the gift on behalf of Ms. Nemoda and, in the case of Mrs. Piccolo, actually delivered the items to Ms. Nemoda, personally. In contrast, the Town later determined that Ms. Nemoda has *refused cash* offered to her by the same individual on prior occasions. Ms. Nemoda made it clear to Mrs. Piccolo on the day in question that she did not want to come into the building to retrieve the gift because she was having difficulty with her pregnancy, had a meeting to attend with the Massachusetts Association of Public Health Nurses, and that she was trying to decrease delays in getting underway to the meeting. Mrs. Piccolo walked the groceries to Ms. Nemoda's car in the parking lot of the Board of Health Office at 61 Center Street, Burlington, Massachusetts on September 24, 2009. Not knowing what to do with the food, some of which required refrigeration, Ms. Nemoda, who resided directly across the street from the Board of Health offices on September 24, 2009, took them home and proceeded to the meeting she was scheduled to attend.

The day after the groceries were delivered to by the elderly Burlington resident, Ms. Nemoda, on duty at the Board of Health offices, was interrupted while in consultation with a patient by Public Health Director Sharon Walker Mastenbrook. Ms. Walker Mastenbrook instructed Ms. Nemoda to leave her patient and to come into a meeting down the hall. Though odd and unprofessional, Ms. Nemoda complied with Ms. Walker Mastenbrook's directions and went into a room where Board of Health Members, Dr. Wayne Saltsman, M.D. and James Dion had assembled together with Ms. Walker Mastenbrook.

Without prior notice or discussion, Ms. Nemoda was handed a letter at the September 25, 2009 meeting leveling serious and unwarranted allegations against her by the Town of Burlington, she was then summarily suspended without pay for a period of five days. Immediately after the meeting, and without regard for the patient awaiting Ms. Nemoda's return, all board of health executive staff immediately absented themselves from the building. Consistent with her professionalism and duties as a health care provider, Ms. Nemoda, though pregnant, shocked and stunned by what had just transpired, returned to her patient and finished her consultation while technically on suspension. Management did not have, nor did they instruct or give Ms. Nemoda the opportunity to have, a union representative, or private counsel, available at the suspension meeting in which Ms. Nemoda was ambushed.

At all times relevant hereto, the Town of Burlington, the Burlington Board of Health Officials, Burlington Board of Health Employees and the Town Administrator, Robert Mercier, who later presided at what may only be described as a pre-textual hearing on a predetermined course of action by the town, knew, or should have known, that no ethical violation by Ms. Nemoda had ever occurred with respect to the groceries delivered to the Board of Health office on September 24, 2009. In fact, while the so-called discipline meted out on Ms. Nemoda by the Town of Burlington as of September 25, 2010 was swift, decisive (and became increasingly

draconian as time progressed) no apparent action was taken with respect to any of the three employees who actually received the food from the town resident and delivered them to Ms. Nemoda, namely Mrs. Piccolo, Ms. Porter and Ms. Manzo.

In fact, Ms. Porter subsequently went on to a higher position of authority with the City of Everett while Ms. Nemoda continued to be persecuted by the Town of Burlington.

At the time of her suspension, the Town of Burlington, Employee Handbook entitled *Personnel Rules and Regulations*, provided as follows:

> **All employees shall** make themselves familiar with and **comply with** [Massachusetts] **General Law, Chapter 268A**, which includes the following provisions:
>
> > You may *not* ask for **or accept anything worth $50 or more from anyone** with whom you have official dealings. . . . *Personnel Rules and Regulations* § 4.4 (amended July 1, 2008)(emphasis added).

The above policy and statute applied to all Board of Health employees on September 24, 2009. And, the lack of disciplinary action as to those employees who *accepted* the groceries from the town resident is indicative that all participants in Ms. Nemoda's so-called disciplinary proceedings knew, or should have known, that no ethical violation pursuant to G.L. c. 268A had occurred. Since only one of four employees who accepted the gifts was punished, it is clear that the Town of Burlington is treating individuals disparately under the law, in violation of Ms. Nemoda's Equal Protection guarantees under the State and United States Constitutions.

On or about September 28, 2009 Burlington Board of Health Chairman Terrance McSweeney, Public Health Director Sharon Walker Mastenbrook, and Principal Clerk Cathy Piccolo met with, and presented the donor of the groceries that Mrs. Piccolo, Ms. Porter and Ms. Manzo had actually accepted on September 24, 2009 with, a 13 paragraph document purporting to be the gentleman's statement. The document is not subscribed or sworn before any impartial notary; in fact, the donor refused to sign the document as his statement. In a contrived and self-serving maneuver, Mr. McSweeney, Ms. Walker Mastenbrook and Ms. Piccolo conspired in an attempt to authenticate the so-called statement themselves by signing the document on behalf of the grocery donor as an accurate rendition of the allegations written by the document's author, who, upon information and belief was, Principal Clerk Cathy Piccolo. At this stage, it is clear that (a) Ms. Piccolo and others delivered food to Ms. Nemoda, (b) that Mr. McSweeney and Ms. Walker Mastenbrook seized upon that occurrence as an opportunity to manufacture evidence supporting the discharge of Ms. Nemoda, and (c) that Ms. Piccolo, Ms. Walker Mastenbrook and Mr. McSweeney then attempted to salvage their plan against Ms. Nemoda when the donor would not underwrite *their* allegations against her by speaking *for* the donor himself. As such, the Town of Burlington clearly engaged in a conspiracy against Ms. Nemoda and has caused our clients damage thereby.

Between September 28, 2009 and October 16, 2009, Burlington called for an executive session of the Board of Health with Ms. Nemoda present. Ms. Nemoda was then visiting her mother-in-law in hospital in Pennsylvania. Burlington communicated its scheduling an

executive session through Ms. Nemoda's union and by letter served by constable to Ms. Nemoda's home and to Ms. Nemoda's mother's home, where the town knew Ms. Nemoda *did not* reside. Ms. Nemoda was informed by her union representative that she may present to the session with union representation or legal counsel, but that her representative would not be able to speak on her behalf. Ms. Nemoda communicated through the union that she could not attend because she was in Pennsylvania, and because of the condition of her mother-in-law, whose ventilation tube was being removed and who was not expected to survive the procedure. In keeping with its lack of courtesy or compassion to Ms. Nemoda, and to the best of her recollection, the executive session proceeded *ex-parte* while Ms. Nemoda supported her husband in Pennsylvania during a time when his mother may have been on her deathbed.

On or about October 16, 2009 the Burlington Board of Health purported to conduct a hearing on the issue of Ms. Nemoda's retention as a town employee. The hearing was held at Town Hall, with Town Administrator Robert Mercier acting as both Town Administrator and Hearing Officer -- an inherently conflicted role for Mr. Mercier to undertake because a town administrator is selected by elected officials and, therefore, in a politically charged situation such as the matter now in controversy his objectivity and impartiality were compromised from the moment the hearing was convened. In fact, Mr. Mercier had previously held and lost his position as Town Administrator for Burlington, which may have caused an inherent pressure upon him to perform as he perceived was expected by the Burlington Board of Health.

The hardship endured by Ms. Nemoda from September 24, 2009 through October 16, 2009 was burdensome. She had been suspended from her position as Supervising Nurse and her difficult pregnancy worsened from the formidable stressors mercilessly placed upon her by her employer, coworkers, and hometown. She could not understand why such acrimony had been leveled against her.

Ms. Nemoda agonized for a month while Mr. Mercier drafted his decision, which he issued on November 17, 2009. The so-called findings Mr. Mercier rendered are internally inconsistent and is more accurately described not as a memorandum of findings but as a memorandum of justification for a predetermined course of action. It is worthy to note that Mr. Mercier based his decision in part on what he claims Ms. Nemoda *said* to the grocery donor, thus implicating Ms. Nemoda's First Amendment guarantees of freedom of expression.

On November 19, 2009, Burlington fired Andria Nemoda, thus ending her paid administrative leave that had commenced after her hasty five day unpaid suspension.

Meanwhile, in furtherance of its design to place as much pressure and hardship upon Ms. Nemoda and her family as possible, Burlington contested Ms. Nemoda's claim for unemployment, which she filed on or about November 25, 2009. As a result of Burlington's reports to the Massachusetts Department of Workforce Development, Ms. Nemoda was disqualified from receiving unemployment benefits.

On January 2, 2010, after 23 weeks, six days gestation, and after approximately 100 days of drama and ordeal brought by the Town of Burlington to Ms. Nemoda, baby girl Nemoda was

born at 5:40 a.m. Baby girl Nemoda was discharged 5 minutes after life support was removed at 8:25 a.m. Despite her death at 8:30 a.m. on January 2, 2010, hospital records indicate that Ms. Nemoda held her lifeless daughter for hours after her death. Burlington's conduct throughout Ms. Nemoda's pregnancy exacerbated the difficulty in her pregnancy and was a substantial contributing factor to stressors that caused the premature delivery of her daughter and her subsequent death.

After her suspension, hearing, firing, birth and death of her daughter, and denial of her unemployment benefits, Ms. Nemoda began the process of appealing the adverse determination of the Department of Workforce Development on February 1, 2010. After hearing, the Department of Workforce Development reversed Ms. Nemoda's disqualification and reinstated her unemployment benefits. It is worthy of note that the statutory provisions under which the Massachusetts Department of Workforce Development reviews unemployment eligibility determinations is as follows:

> Whether there is substantial and credible evidence to show that the claimant left work voluntarily with good cause attributable to the employer or its agent, or involuntarily for urgent, compelling and necessitous reasons, or by discharge for deliberate misconduct in willful disregard of the employing unit's interest, or for a knowing violation of a reasonable and uniformly enforced policy or rule, unless violation was the result of the employee's incompetence. *Massachusetts General Law Chapter 151A §§ 25(e)(1) & (e)(2)(2010).*

Thus, one impartial administrative governmental body has already determined that the Town of Burlington has failed to meet its burden of proof in demonstrating that Ms. Nemoda separated from employment due to misconduct, or violation of a uniformly enforced policy or rule.

To be complete in its persecution of our client, the Town of Burlington also scheduled and convened yet another executive session wherein the sole agenda item was Ms. Nemoda's professional licensure – bureaucratese for calling a meeting to determine how to report Ms. Nemoda to the board of registration such that her nursing license is in jeopardy. Minutes from that meeting should indicate that Ms. Nemoda appeared with counsel, requested a continuance so that a court stenographer could be present, and that the request was initially denied. Later, after consultation with the Board of Health attorney, the session minutes should indicate that at Ms. Nemoda's request, the session was continued indefinitely. The Board of Health's actions in scheduling this executive session months prior to Ms. Nemoda's arbitration telegraph the intent of the members of that board to do anything within their power to bring as much damage to Ms. Nemoda, professionally and personally, as possible. The Board's action of granting an indefinite continuance to Ms. Nemoda shows that the session was unnecessary and unwarranted in the first instance.

The Town of Burlington, Burlington Board of Health, its Officers, Directors, and Executive Staff, and the coworkers previously identified herein, continue its adverse actions against Ms. Nemoda to date.

The specific causes of action claimed by Ms. Nemoda and Mr. Watkins are as follows:

1. The physical, mental and conscious pain and suffering of Andria Nemoda;

2. The intentional and/or negligent infliction of emotional distress of Andria Nemoda;

3. The intentional and/ or negligent infliction of emotional distress of Michael Watkins;

4. The loss of parent/child consortium pursuant to M.G.L. c. 231 § 85X;

5. The right to due process and equal protection of law;

6. The right to freedom of speech;

7. Failure to Prevent;

8. Common Law Conspiracy;

9. Such other rights, including those set forth above, which are guaranteed under the Laws and Constitution of the United States by the provisions of the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988;

10. Such other rights which are guaranteed under the Laws of the Commonwealth of Massachusetts and the Massachusetts Declaration of Rights to the Constitution of the Commonwealth, including, but not limited to, the right to be free of negligence, intentional infliction of emotional distress and negligent infliction of emotional distress.

As a direct and proximate cause of the actions and conduct of the Town of Burlington, Burlington Board of Health, Terrance McSweeney, individually and is his capacity as Chairman of the Board of Health, Sharon Walker Mastenbrook, individually and in her capacity as Director of Public Health, Robert Mercier, individually and in his capacity as Town Administrator and Hearing Officer for the Town of Burlington, Cathy Piccolo, individually and in her capacity as Principal Clerk, Dr. Edward Weiner, individually and in his capacity as Burlington Board of Health Vice Chairman, Dr. Catherine Read, James Dion and Dr. Wayne Saltsman, individually and in their respective capacities as Board of Health Members, jointly and severally, Ms. Andria Nemoda and Mr. Watkins have suffered injuries, specifically severe emotional distress and loss of consortium.

WHEREFORE, Andria Nemoda and Michael D. Watkins hereby make demand upon the Town of Burlington in the amount of Three Million Five Hundred Thousand and no/100 Dollars ($3,500,000.00) for violation of the above described rights and for committing the above-described acts.

Our clients reserve the right to file a civil action in the appropriate Court pursuant to M.G.L. c. 258, § 4 and 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, which provide for compensatory damages, punitive damages, and attorney's fees.

We anticipate your timely response to this demand. If a reasonable offer of settlement is not tendered, we shall commence litigation after the expiration of said six (6) month period in accordance with applicable provisions of M.G.L. c. 258, *et seq.*

Thank you for your attention to this matter.

Best regards,

John G. DiPiano

JGD/bhs
cc: Ms. Andria Nemoda

MASXP-20091228
pinkneym

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

04/01/2011
02:39 PM

## MICV2011-00858
## Nemoda v Burlington et al

| | | | |
|---|---|---|---|
| **File Date** | 03/17/2011 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 04/01/2011 | **Session** | H - Civil H CtRm 520 (Woburn) |
| **Origin** | 1 - Complaint | **Case Type** | E03 - Action against Commonwealth/municpl |
| **Track** | A - Average track | **Lead Case** | **Jury Trial** Yes |

**DEADLINES**

| | Service | Answer | Rule12/19/20 | Rule 15 | Discovery | Rule 56 | Final PTC | Judgment |
|---|---|---|---|---|---|---|---|---|
| **Served By** | | | 07/15/2011 | 05/10/2012 | 03/06/2013 | 04/05/2013 | | |
| **Filed By** | 06/15/2011 | 07/15/2011 | 08/14/2011 | 06/09/2012 | | 05/05/2013 | | 03/01/2014 |
| **Heard By** | | | 09/13/2011 | 06/09/2012 | | | 09/02/2013 | |

**PARTIES**

| | |
|---|---|
| **Plaintiff**<br>Andria Nemoda<br>Salisbury, MA<br>Active 03/17/2011 | **Private Counsel 630134**<br>John G DiPiano<br>DiPiano Godson LLP<br>210 Broadway<br>Suite 202<br>Lynnfield, MA 01940<br>Phone: 781-780-7080<br>Fax: 781-780-7081<br>Active 03/17/2011 Notify |
| **Defendant**<br>Town Of Burlington<br>Service pending 03/17/2011 | **Private Counsel 632617**<br>Adam Simms<br>Pierce Davis & Perritano<br>90 Canal Street<br>Suite 400<br>Boston, MA 02114-2022<br>Phone: 617-350-0950<br>Fax: 617-350-7760<br>Active 04/01/2011 Notify |
| **Defendant**<br>Robert Mercier, Individually And As Town Administrator<br>Service pending 03/17/2011 | *** See Attorney Information Above *** |
| **Defendant**<br>Sharon Walker-Mastenbrook, Individually And Director Of Public Health<br>Service pending 03/17/2011 | *** See Attorney Information Above *** |

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## MICV2011-00858
## Nemoda v Burlington et al

| | |
|---|---|
| **Defendant**<br>Cathy Piccolo, Individually And As Principal Clerk<br>Service pending 03/17/2011 | *** See Attorney Information Above *** |
| **Defendant**<br>Eugene T. McSweeney, Individually And As Board Of Health Chairman<br>Service pending 03/17/2011 | *** See Attorney Information Above *** |
| **Defendant**<br>Dr. Edward Weiner, Individually And As Board Of Health Vice Chairman<br>Service pending 03/17/2011 | *** See Attorney Information Above *** |
| **Defendant**<br>Dr. Catherine Read, Individually And As Board Of Health Members, Jointly And Severally<br>Service pending 03/17/2011 | *** See Attorney Information Above *** |
| **Defendant**<br>James Dion, Individually And As Board Of Health Members, Jointly And Severally<br>Service pending 03/17/2011 | *** See Attorney Information Above *** |
| **Defendant**<br>Dr. Wayne Saltsman, Individually And As Board Of Health Members, Jointly And Severally<br>Service pending 03/17/2011 | *** See Attorney Information Above *** |

**ENTRIES**

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**



## MICV2011-00858
## Nemoda v Burlington et al

| Date | Paper | Text |
|---|---|---|
| 03/17/2011 | 1.0 | Complaint & civil action cover sheet filed |
| 03/17/2011 | | Origin 1, Type E03, Track A. |
| 03/17/2011 | 2.0 | Plaintiff's Motion To Appoint Richard Kelley As Special Process Server Motion Allowed. (Murtagh, J.) |
| 04/01/2011 | 3.0 | Case REMOVED this date to US District Court of Massachusetts by defts' Town Of Burlington,Robert Mercier,Sharon Walker Mastenbrook,Cathy Piccolo,Eugene T. McSweeney,Dr. Edward Weiner,Dr. Catherine Read,James Dion and Dr. Wayne Saltsman. |
| 04/01/2011 | | Findings: Above action this day removed to U.S. District Court. |