# EXHIBIT "A"

Only the Westlaw citation is currently available.

United States District Court,
D. Massachusetts.
Paul BALBONI
v.
The TOWN OF PLYMOUTH.
**No. 07-12296-RGS.**

Nov. 6, 2009.

Joseph R. Gallitano, Attorney Joseph Gallitano & Associates, Plymouth, MA, for Paul Balboni.

Leonard H. Kesten, Thomas R Donohue, Brody, Hardoon, Perkins & Kesten, Boston, MA, for The Town Of Plymouth.

*MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

**STEARNS**, District Judge.

***1** Plaintiff Paul Balboni brings this claim under 42 U.S.C. § 1983, alleging a violation of his rights under the **Equal Protection** Clause of the Fourteenth Amendment to the United States Constitution.[FN1] Specifically, Balboni claims that his former employer, defendant Town of Plymouth (Town), discriminated against him by denying his request for an accommodation after he suffered a workplace injury. The Town filed a motion for summary judgment on August 14, 2009.

> FN1. A second claim for breach of contract was voluntarily dismissed by Balboni. Plaintiff's Opposition at 1, 13.

*BACKGROUND*

The facts in the light most favorable to Balboni as the non-moving party are as follows. Balboni began working as the Operations Superintendent for the Department of Public Works in the Town of Plymouth in November of 2003. He was responsible for overseeing highway maintenance, including snow removal, street sweeping, drainage, road repair, paving, and grading. On December 21, 2004, Balboni slipped and fell on a snow and ice-covered sidewalk at work. He sustained serious injuries to a nerve in his back. On December 28, 2004, Balboni filed a workers' compensation claim. The Massachusetts Industrial Accident Board awarded Balboni benefits based on a finding of temporary total incapacity.

In February of 2004, the Town hired George Crombie as the Director of Public Works. Crombie became Balboni's direct supervisor. While Crombie was considered a demanding boss by most of his subordinates, Balboni believed that Crombie's criticisms of his job performance were particularly harsh. On April 24, 2004, Crombie told Balboni that he would write a job description for Balboni that would consume all his time and "make his life a bitch." Balboni Dec. Dep., at 49, 60-62.[FN2]

> FN2. Because of continuing pain associated with his injury, Balboni had his deposition taken over the course of two days, December 15, 2008, and March 4, 2009.

Balboni remained out of work until April of 2005. Upon return, he was able to work for only two weeks before recurring pain required him to take a second leave of absence. Balboni by then was taking narcotic medications to alleviate his pain. The drugs, principally morphine and vicadin, rendered him extremely drowsy and unable to work effectively. Balboni's last formal day on the job was May 10, 2005.

During Balboni's brief return in April of 2005, Crombie placed him on a ninety-day work plan. The plan required Balboni to submit a detailed, written accounting of his daily activities. Balboni

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

felt that he could not meet the increased work demands because of the side effects of the medication. He requested an accommodation in the form of a reduced work schedule. Balboni understood that similar accommodations had previously been offered to Town employees recovering from a temporary disability. Balboni's request for an accommodation was denied. Balboni alleges that the denial of the request in conjunction with the increase in his workload was intended "to force [him] to leave his employment or [constructively] terminate him." Plaintiff's Opposition at 2.

Balboni submitted to two independent medical examinations (IME) at the Town's request in July of 2005. On August 5, 2005, the Town by way of a letter offered Balboni a limited accommodation:

> *2 Based upon [the IME's], you are fully capable of performing all of the Supervisory duties specified in the Job Description of Highway Manager on a full-time basis. The only limitations on your work described in the medical reports concern strenuous work .... Therefore, the [T]own is willing to modify/or waive (as appropriate), those requirements as an accommodation.

Balboni understood the letter to mean that his employment would be terminated if he did not return to work full-time. *See* Balboni Dec. Dep., at 71-72. Balboni declined the Town's offer and took disability retirement.

*DISCUSSION*

Summary judgment is appropriate when, based upon the pleadings, affidavits, and depositions, "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Gaskell v. Harvard Co-op. Soc.,* 3 F.3d 495, 497 (1st Cir.1993). The record is viewed in the light most flattering to the nonmoving party. *Levy v. FDIC,* 7 F.3d 1054, 1056 (1st Cir.1993).

To establish a violation of civil rights under 42 U.S.C. § 1983, a plaintiff "must show by a preponderance of the evidence that: (1) the challenged conduct was attributable to a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States." *VelezRivera v. Agosto-Alicea,* 437 F.3d 145, 151-152 (1st Cir.2006) (citations omitted). Balboni claims that his "constitutional rights were violated in that no other member in a similar position of the Department or any other employee in the Town of Plymouth in a similar position has been treated in such fashion." Plaintiff's Opposition at 5. Here, where Balboni does not claim to be a member of a protected class, the action may properly be characterized as a " **class-of-one** " discrimination claim under the **Equal Protection** Clause of the Fourteenth Amendment. U.S. Const. Amend. XIV, § 1 ("No State shall ... deny to any person within its jurisdiction the **equal protection** of the laws."). To succeed on a **class-of-one equal protection** claim, Balboni must show that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam); *Wojcik v. Massachusetts State Lottery Comm'n,* 300 F.3d 92, 104 (1st Cir.2002) (same).

The Town argues that a recent holding by the Supreme Court that "the **class-of-one** theory of **equal protection** does not apply in the public employment context" is fatal to plaintiff's claim. *See Engquist v. Oregon Dep't of Agric.,* ---U.S. ----, ----, 128 S.Ct. 2146, 2151, 170 L.Ed.2d 975 (2008). *See also McCann v. City of Lawrence,* 2009 WL 3182853, at *6 (D.Mass. Sept.25, 2009). This court agrees. In *Engquist,* the Court reasoned that

> the **class-of-one** theory of **equal protection**-which presupposes that like individuals should be treated alike, and that to treat them differently is to classify them in a way that must survive at least rationality review-is simply a poor fit in the public employment context. To treat employees

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

> differently is not to classify them in a way that raises **equal protection** concerns. Rather, it is simply to exercise the broad discretion that typically characterizes the employer-employee relationship.

***3** 128 S.Ct. at 2155. As a matter of public policy, the Court stated that it was guided by the "common-sense realization that government offices could not function if every employment decision became a constitutional matter." *Id.* at 2156, quoting *Connick v. Myers,* 461 U.S. 138, 143, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983).

Balboni does not address *Engquist* in his Opposition, but instead relies on older case law either superseded by *Engquist* or not directly on point. For example, Balboni cites *Olech,* 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060, a zoning case, which the Supreme Court explicitly distinguished from the public employment context in *Engquist.* 128 S.Ct. at 2154-2155 ("Unlike the arm's-length regulation, such as in *Olech,* treating seemingly similarly situated individuals differently in the employment context is par for the course."). In the face of *Engquist,* which is binding precedent on this court, there is no alternative but to allow the Town's motion for summary judgment as a matter of law.

*ORDER*

For the foregoing reasons, the Town of Plymouth's motion for summary judgment is *ALLOWED.* The Clerk will enter judgment for the Town and close the case.

SO ORDERED.

D.Mass.,2009.
Balboni v. Town of Plymouth
Slip Copy, 2009 WL 3754401 (D.Mass.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.