UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDRIA NEMODA,<br>Plaintiff,<br>v.<br>TOWN OF BURLINGTON, et. al.<br>Defendants. | C.A. NO. 11-10547 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO TOWN OF BURLINGTON'S AND TOWN OFFICIALS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. RULE. CIV. P. 12 (b)(6)**

## I. INTRODUCTION

Plaintiff, Andria Nemoda (hereinafter "Nemoda"), alleges various violations of her civil rights, and injury, by the Defendants. Defendants have filed what purports to present as a Fed. Rule Civ. P. 12(b)(6) Motion to Dismiss Nemoda's Complaint. However, Defendants advance arguments more appropriate for a Rule 56 Motion for Summary Judgment; and, at times in their motion, digress into mere speculation as to why they think Nemoda cannot prevail. On numerous occasions, the Defendants advance legal conclusions which state that under the facts presented or under *assumed* "facts", a ruling could not be made in Nemoda's favor. Under Fed. Rules Civ. P. 12(b)(6). Frankly, Defendant's motion attempts to be all things at once, i.e. a 12 (b) (6) motion, a Rule 56 motion, and a closing argument. Clearly Defendants' would prefer to have Nemoda's complaint summarily discharged prior to any fact-finding, so as to dispense with the process and procedure that is the right of all litigants who bring forward properly plead grievances before this honorable court. In fact, Defendants' motion seeks the same brusque and trampling behavior by a governmental body that brought them to bar in the instant case.

It is well established that in considering a Rule 12 (b) (6) motion, the court may only assess whether or not Nemoda alleges grounds upon which relief *could* be granted, as is more fully set forth below in this Memorandum. And, as Nemoda has met her burden of notice pleading to the Defendants, their motion should be DENIED.

## II. STATEMENT OF FACTS

Due to spatial limitations, kindly refer to Plaintiff's Complaint dated March 17, 2011, which allegations are incorporated herein by reference.

## III. ARGUMENT

### A. STANDARD OF REVIEW

Nemoda filed a Complaint that includes a "short and plain statement of the claim showing that the pleader is entitled to relief," as required under Fed. Rule Civ. P. 8. Pursuant to Rule 12(b)(6), the standard of review for dismissal turns on whether Nemoda has stated claims upon which relief *can* be granted. "The sole inquiry under Rule 12(b)(6) is whether, construing the well-pleaded facts of the Complaint in the light most favorable to the plaintiffs, the complaint states a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6)." *Ocasio-Hernández, et al. v. Fortuño-Burset, et al.*, Case No. 09-2207 (C.A. 1, Apr. 1, 2011), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

In *Ocasio-Hernández, et al. v. Fortuño-Burset*, the court further stated that "The Court explained that the propriety of dismissal under Rule 12(b)(6) turns on the Complaint's compliance with Rule 8(a)(2), which mandates that every complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" *Ocasio-Hernández, et al. v. Fortuño-Burset* Case No. 09-2207 (C.A. 1, Apr. 1, 2011), citing *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007).The court further explained that a 'short and plain' statement does not need detailed factual allegations. *Ocasio-Hernández, et al. v. Fortuño-Burset* Case No. 09-2207 (C.A. 1, Apr. 1, 2011), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In the instant case, Nemoda fully complied with Fed. R. Civ. P. 8(a)(2) by clearly stating facts upon which relief can be granted. Consequently, Defendants' motion should be denied.

Moreover, Rule 12 (b)(6) merely requires sufficient detail in the complaint to give a defendant fair notice of the claim and the grounds upon which it rests. *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Nearly 35 paragraphs of facts were alleged in the Complaint filed by Nemoda, in addition to each cause of action. These facts satisfied the "short and plain" requirement and provided enough detail, pursuant to Fed. Rule Civ. P. 8.2, to provide the defendants fair notice of Nemoda's claims against them, and Defendants' motion should therefore be denied

## B. CONSTITUTIONAL AND FEDERAL CLAIMS

Nemoda shall address the claims made by Defendants in the order upon which they were presented in Defendants' memorandum. Nemoda will also refer to the Defendants collectively as "the Town" for clarity purposes.

### 1. FIRST AMENDMENT CLAIMS

The First Amendment to the United States Constitution protects public employees from unreasonable interference and control on their speech. The Town admits in its Memorandum that Nemoda's speech was made to the donor of the food that triggered the chain of events now at bar. Thus, the Town has been notified that a First Amendment Claim is being made for which

relief *could be granted.* That should end the analysis on Defendants' instant motion, which should be denied.

However, to amplify the point, doubtless the court is well aware that the proper forum for inquiries into the nature of the speech Nemoda claims was improperly interfered with by the Town is through the discovery process, not through a Rule 12(b)(6) Motion to Dismiss. Because the Town admits, by bringing forth the possibility in its argument that Nemoda's speech *may* be protected speech, depending on what was said and in what context it was uttered, it also admits that grounds upon which relief *could* be granted do in fact exist as plead in Nemoda's complaint. In other words, the Town's motion, as argued, is not only overreaching, it is also self-defeating.

Further, the Town also posits that Nemoda allegedly discussed her financial conditions with the donor. The Town reacted to their determination that Nemoda did so by publishing Nemoda's town salary to the donor (according to the "findings" in Mercier's report.) Thus, through its own legal argument, and established actions, the Town considered Nemoda's speech to the donor a matter of public concern, i.e. her public compensation in reaction to her private conversation about her own finances.

Admittedly, at this stage of the litigation, whether or not Nemoda's conversation contained speech that concerned public matters is a question of fact to be proved at trial, and, as such, is not the stuff of 12(b)(6) relief. The Town obviously knows this, which explains its hybrid motion that does not meet 12 (b)(6) standards, and argues Rule 56 relief, without giving deference to the process, procedure, and time standards of Rule 56, and which, just for good

measure and careful and complete collateral attack on Nemoda's complaint, then goes on to rest its plea for summary disposition of this matter on supposition.[1]

The line of cases presented by the Town as grounds for 12 (b) (6) (or Rule 56?) fail to support the Town's requests for relief and, in major part, argue against dismissal. For example, the matter of *Garcetti v. Caballos* begins by recognizing that "a State cannot condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression." 547 U.S. 410, 413 (citing *Connick v. Myers*, 461 U.S. 138, 142 (1983)). The court in *Ceballos* recognized that "The Court has made clear that public employees do not surrender all their First Amendment rights by reason of their employment." *Id*. at 417. This is hardly language that argues for instant disposal of Nemoda's complaint pursuant to Rule 12(b)(6).

As stated above, the Town admits that it remains to be determined if Nemoda was speaking in her official capacity. Once again, this is a question of fact, which leads to the assumption that this Motion to Dismiss under Rule 12(b)(6) is in fact a premature Rule 56 Motion for Summary Judgment. In the hodgepodge of the Town's arguments, it rightfully admits that Nemoda engaged in "some unspecified speech." The Town further states that "one reference to her 'speech' cannot support a first amendment claim." Memorandum, pg. 5. But, the Town posits no authority for the proposition that the framers of the Bill of Rights intended for the government to abridge the right to free expression, so long as it was only once, or just a few times. And, as a foundational matter, a single reference to speech in a complaint may encompass

[1] As is clear, Nemoda contends that Defendants Motion is, in fact, a preliminary Rule 56 Motion brought strategically to flush out Nemoda's best case, without the formality of potentially embarrassing or politically sensitive discovery and with the benefit of a second bite at the Rule 56 apple if this Motion is denied, as it should be. Nemoda contends that if denied, the court should deny the motion as both a Rule 12 (b) (6) Motion and a Rule 56 Motion and dispense with the possibility of said second bite.

numerous occasions of speech, could it not? These are additional questions of fact, and factual argument misplaced, or intentionally displaced in a Fed. Rule. Civ. P. 12(b)(6) Motion. In the Town's Memorandum, pg. 5, fn. 8, there are assumptions made *arguendo* which reveal that the Town's Motion is a Motion for Summary Judgment, as if additional support for the true character of the motion at bar was necessary.

And, it should be noted by the court, that both the *Foley v. Town of Randolph*, 598 F. 3d 1 (2010) and *Bruno v. Town of Framingham, et. al.*, 08-CV-11403-LTS (D. Mass. 2010), upon which the Town relies, are based on Summary Judgment Motions, not upon Rule 12 (b)(6) analysis.

**2. <u>DUE PROCESS CLAIMS</u>**

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314-315 (citing *Milliken* v. *Meyer,* 311 U. S. 457; *Grannis* v. *Ordean,* 234 U. S. 385; *Priest* v. *Las Vegas,* 232 U. S. 604; *Roller* v. *Holly,* 176 U. S. 398.) "The notice must be of such nature as reasonably to convey the required information, *Grannis* v. *Ordean, supra,* and it must afford a reasonable time for those interested to make their appearance, *Roller* v. *Holly, supra,* and *cf. Goodrich* v. *Ferris,* 214 U. S. 71." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-315.

"It is by now well established that 'due process' unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances." *Gilbert v. Homar*, 520 U.S. 924, 930 (1997) (Citing *Cafeteria & Restaurant Workers v. McElroy*, 367 U.S. 886,

895 (1961)). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

Whether or not Nemoda received reasonable notice, considering all relevant factors – including her pregnancy, her illness during her pregnancy and all other relevant considerations, is a question of *fact* which must be addressed through the discovery process. If Nemoda was not afforded *reasonable notice* as relates to her time, place and circumstances, then this is a cause of action upon which relief could, and should, be granted; and, therefore the 12(b)(6) dismissal documents must fail.

Further, the U.S. Supreme court in *Loudermill*, stated that a very limited hearing prior to termination was sufficient, *provided* that it was followed by a more comprehensive post-termination hearing. *O'Neill v. Baker*, 210 F. 3d 41, 48-50 (1st Circ. 2000) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 539-539 (1985)). The cases cited by Defendant do not apply to the case at hand. In *Wojcik v. Massachusetts State Lottery Commission*, as cited by the Town, the Plaintiff in that matter was afforded a full arbitration hearing. 300 F. 3d 92, 102 (2002). Here, the Town recognizes that no additional hearing has been held for Nemoda to date and that an arbitration hearing is "pending."

Moreover, the court must not lose sight in the obfuscation of the Town's so-called 12(b)(6) motion that an arbitration hearing regarding Nemoda may only address the issues of job reinstatement and back pay, which are not intended claims for relief in the case at bar. Arbitration will not reach the Constitutional and legal claims brought to bar by Nemoda in this civil action, and will not afford her any semblance of due process thereon. It has also been suggested in *Gilbert v. Homar*, 520 U.S. 294, 930 suspensions without pay must also be predicated on a hearing with notice and opportunity to be heard. (Citing *Cleveland Bd. of Ed. v.*

*Loudermill*, 470 U.S. 532 (1985)). Nemoda was suspended via letter, while tending to a patient, and without opportunity to respond. Therefore, her due process rights were violated not just by improper notice of her hearing, but from the moment she was suspended.

As stated above, Nemoda was suspended via letter while administering care to a patient. In the letter, Nemoda was given "notice" that her suspension hearing was scheduled for October 16, 2011. Nemoda attending this hearing. However, this hearing resulted in her termination, **not** a determination of whether or not to uphold her five day suspension. It is Nemoda's contention that the Town held this meeting with an ulterior motive to terminate her employment without proper prior disclosure (notice) of the true character and intent of the meeting. There may also be a factual question as to whether limitations of time, and constraints upon any representative of Nemoda's, were present during that meeting.

In sum, the question of whether Nemoda has been afforded appropriate procedural due process is unclear; and if she was not properly granted due process, this serves as a cause of action upon which relief could be granted. Thus, Rule 12(b)(6) dismissal is improper, and the Town's motion must be denied.

With regard to substantive due process, this doctrine protects individual liberty against "certain government actions *regardless of the fairness of the procedures used to implement them*" *Collins v. City of Harker Heights Texas*, 503 U.S. 114, 125 (1992) (citing *Daniels v. Williams*, 474 U.S. 327, 331 (1986)(emphasis added). Nemoda had a "reasonable expectation arising out of a statute, policy, rule or contact, that [she would] continue to be employed." *Perkins v. Bd. of Dirs.*, 686 F.2d 49, 51 (1st. Circ. 1982). It has been held that "public employees who can be discharged only for cause have a constitutionally protected property interest in their tenure and cannot be fired without due process." *Gilbert v. Homar*, 520 U.S. 924,

928-929 (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 578 (1972); *Perry v. Sindermann*, 408 U.S. 593, 602-603 (1972)).

As quoted by Defendants, substantive due process must be proven through “conduct [that] was conscience-shocking or by showing that [the Town’s] conduct deprived [her] of a protected liberty or property interest.” *Pagán v. Calderón*, 448 F.3d 16, 32 (1st Cir. 2006). Further, “there is no scientifically precise formula for determining whether executive action is – or is not – sufficiently shocking to trigger the protections of the substantive due process branch of the Fourteenth Amendment.” *Pagán v. Calderón*, 448 F.3d 16, 32 (1st Cir. 2006) (citing to *Nestor Colon Medina & Sucesores, Inc. v. Custodio*, 964 F.2d 32, 45 (1st Cir. 1992) (which referred to the inquiry as “virtually standardless). The “requisite inquiry involves ‘a comprehensive analysis of the attendant circumstances before any abuse of official power is condemned as conscience shocking.’” *Pagán v. Calderón*, 448 F.3d 16, 32 (1st Cir. 2006) (citing to *DePoutot v. Raffaellyi,* 424 F.3d 112, 118 n. 4 (1st Cir. 2005). *DePoutot* held that the conduct must be “extreme and egregious.” *DePoutot v. Raffaellyi,* 424 F.3d 112, 118 (1st Cir. 2005) In *Hasenfus v. LaJeunesse,* the Court held that it must be “truly outrageous, uncivilized, and intolerable.” *Hasenfus v. LaJeunesse*, 175 F. 3d 68, 72 (1st Cir. 1999).

Due to the fluid and factual nature of this inquiry, it is premature to dismiss this count because the Court should serve as fact finder regarding whether the Town’s actions were enough to shock the conscience.

While Nemoda agrees that the Town likely does not recognize that the effects of their actions were shocking, egregious and otherwise illegal, these actions had a great effect on her. Due to the illegal termination of her employment based on conversations she had with a third party, she became extremely stressed. The Town, while being aware that Nemoda was

experiencing a difficult pregnancy, continued their campaign to ostracize her. These actions led to severe stress that contributed to Nemoda going into premature labor. While the Town might fail to recognize how this might "shock the conscience" of some, this is a question of fact which must be determined at trial. Therefore, this argument must fail under Rule 12(b)(6), because Nemoda has stated a claim upon which relief can be granted.

The Town makes arguments during their discussion of this section which lead Nemoda to reiterate that this Rule 12(b)(6) Motion continues to read like a Rule 56 Motion for Summary Judgment[2]. Both of those Motions, whichever Motion is before the court, both must fail. Simply put, should Defendants conduct be found to "shock the conscience," then there would be grounds upon which relief may be granted.

### 3. <u>EQUAL PROTECTION CLAIMS</u>

"The equal protection guarantee of the Fourteenth Amendment prohibits the state from 'denying any person within its jurisdiction the equal protection of the laws.'" *Pagán v. Calderón*, 448 F.3d 16, 34(1st Cir. 2006), (citing U.S. Const. amend. XIV, §1.)" With reference to a governmental action, this language has been interpreted to mean that "all persons similarly situation should be treated alike." *Pagán v. Calderón*, 448 F.3d 16, 34(1st Cir. 2006) (Citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985)).

[2] For example – "The Town need not belabor the point. The First Circuit has rejected substantive due process claims in any number of cases in which the alleged wrongful conduct was, by any objective measure, worse than thath (sic) alleged here." (Pg. 8) This calls for a legal conclusion that the facts in evidence could not lead to a finding in favor of the Plaintiff, not that there is no grounds upon which relief may be granted. Further examples, include the final paragraph of page 8, which continues onto Page 9, concluding with the sentence "This result would hardly support a finding that the Town engaged in "conscience shocking" conduct." Again, this is a factual conclusion, more in line with a Rule 56 summary judgment motion.

Neither is the *Enquist v. Oregon Dept't. of Agriculture* case, as cited by the Town, fatal to Nemoda's case. The Town erroneously argues that Nemoda is not a "class of one." Nemoda is a female employee, pregnant at the time of the alleged conduct by the Town. Nemoda can in fact maintain an equal protection claim against the Town as a pregnant female, two facts that the Town was certainly aware of, or should have been aware of, at the time of her termination.

*Enquist* only applies in cases where the Plaintiff has no other classification to which they qualify as a member. Here, Nemoda is able to find protection from the actions of the Town as a female who was similarly situated with other Town employees who are also female. The Supreme Court has a long established case history providing protections for women. Beginning with *Adkins v. Children's Hospital*, 261 U.S. 525 (1923), the Court has held that discrimination against women on the grounds of gender is unconstitutional. In the area of employment, women are protected under cases such as *Phillips v. Martin Marietta*, in which the Court held that women must be given equal employment opportunities. 400 U.S. 542, 544 (1971).

There is documentation that Defendant Piccolo and Ms. Heidi Porter and Ms. Paula Manzo were all present at the Board of Health on or about September 25, 2009. Defendant Piccolo, Ms. Porter and Ms. Manzo did in fact receive the "groceries" in question directly from the donor. Defendant Piccolo, Ms. Porter and Ms. Manzo were never punished for receiving groceries from the donor. Only when Nemoda received these groceries was she severely punished by the Town. Piccolo, Porter and Manzo were all similarly situated women who were not reprimanded in any way for their action of receiving groceries from the donor. The Town's Motion recognizes and admits that other gifts have been delivered to the Board of Health in the

past without repercussions but, the sole pregnant female employee involved, Nemoda, was subjected to draconian measures by the Town.

"Two persons or entities are similarly situated if 'a prudent person, looking objectively at the incidents [complained of], would think them roughly equivalent and the protagonists similarly situated . . . 'in all relevant respects." *Clark v. Bosher*, 514 F. 3d 107, 114 (2008) (citing *Barrington Cove Ltd P'ship v. R.I. Hous. and Mortgage Fin. Corp.,* 246 F. 3 1, 7 (1 Cir. 2001) (quoting *Darmouth Review v. Dartmouth Coll.*, 889 F. 2d 13, 19 (1st Cir. 1989)). The case cited by the Town regarding similarly situated protagonists, *Clark v. Bosher*, does not apply to the present case simply because its facts are inapposite to the situation at hand. In *Clark v. Bosher*, the Plaintiff was proposing a subdivision of property and cited to other subdivisions which had been granted water access. The court found that a residential subdivision sitting over an aquifer was not reasonably similar to another residential subdivision without the aquifer issues, an affordable housing community and an industrial park. Nemoda asserts that three female co-workers who worked at the Board of Health with her are not as farfetched as the leap the Plaintiff in *Clark v. Bosher* tried to reach. These women had the same management, same rules and regulations that were applicable to them – particularly the code of ethics regarding gifts and yet they were exempt from punishment for their actions. A reasonable person will find Nemoda, Defendant Piccolo, Ms. Manzo and Ms. Porter to be similarly situated.

Finally, in the ending paragraph of this section, Memorandum pg. 10, the Town again digresses into a quasi Rule 56 Summary Judgment Motion by hypothesizing about what the facts will eventually show and how they do not lead to a Judgment in Nemoda's favor. Nemoda is hard-pressed to understand how the Town bald/speculative assertions have somehow become

established facts in this case prior to any responsive pleading being filed such that the draconian measure of out-of-hand dismissal is warranted.

The facts pled regarding the treatment of Nemoda versus the treatment of other Town employees in Complaint, ¶ 27 provide ample notice pleading to the Town that this will be an argument pursued by Nemoda. Therefore, the so-called 12 (b) (6) Motion presented by the Town must be denied.

## 4. CONSPIRACY CLAIMS

The Town challenges the ability of Nemoda to bring a claim under federal conspiracy law. However, Nemoda contends that she absolutely has the ability to bring a case under 42 U.S.C. 1985(3) and that this section of the law allows for claims to be made as a female, not just on racial grounds. Nemoda agrees with the cases specifically cited by Defendant to support this assertion. In *Aulson v. Blenchard*, the Court held that "We have previously interpreted the *Griffin* gloss to denote that plaintiffs must allege facts showing that (1) the defendants conspired against them because of their membership in a class, and (2) the criteria defining the class are invidious." 83 F.3d 1, 4 (1st Cir. 1996) (citing to *Griffen v. Breckenridge*, 403 U.S. 88 (1971)). The *Aulson* court later cites to *Libertad v. Welch*, 53 F.3d 428, 449 (1st Cir. 1995), *which held that women constitute a protected class under §1985(3)*.

As is obvious from a reading of the case law, Nemoda does in fact qualify as a protected class. Therefore, this argument must fail and the Town's Motion to Dismiss must be denied.

## 5. STATE AND COMMON LAW CLAIMS

The entirety of the "state and common law claims" section presented by the Town reads like a Summary Judgment Motion, despite the complete lack of any discovery being had. In this

section of its Memorandum, the Town merely recites elements of the causes of action it challenges and predicts that Nemoda will not be able to prove those elements. This is hardly a productive exercise because it advances no legally cognizable argument for summary disposition of this action. A 12(b)(6) Motion for Summary Judgment is not the proper forum for this type of argument, nor can the argument be seriously considered proper pursuant to Rule 56. In short, the Town appears to be rendering a drastically premature closing argument.

The Town's purely speculative "defense" about what the *facts* may or may not prove, does nothing more than provide clarity to the court that Nemoda did in fact provide the Defendants with proper notice pleading pursuant to Fed. Rule Civ. P. 8(2) and that Fed. Rule. Civ. P. 12(b)(6) relief therefore does not lie. Thus the Town's Motion, entitled as a Rule 12(b)(6) Motion must be denied.

The Town premises its argument on the fact that the claims presented should be dismissed under Rule 12(b)(6) and/or Rule 56. In light of the above stated arguments on why Nemoda's free speech, due process, and equal protection claims should in fact survive both of these arguments, Nemoda incorporates and realleges all of the above arguments in defense of her Massachusetts Civil Rights Act claims. As there is a "constitutional hook" for her to hang her hat on, Defendants argument fails.

Further, in the case of *Longval v. Commissioner of Correction*, the court found it premature for a grant of summary judgment[3] because "before deciding the question, it will be important to know what the wrongs, if any, committed by any defendant may have been."

[3] let alone a 12(b)(6) dismissal.

*Longval v. Commissioner of Correction*, 404 Mass. 324, 333 (1989). Here, the same situation is at hand. Nemoda must be given a chance to expose and clarify the wrongs committed by the Town before summarily dismissing her claims under the Massachusetts Civil Rights Act, or otherwise.

With regard to whether the Defendants' were serving in their official capacities at the time of this incident, should Nemoda prove that they were not acting in their official capacity, these claims could be lodged against each of them *individually* and therefore, relief *could* be granted.

The Town received notice pleading of the allegations being lodged against them as individuals and therefore, this allegation should also survive a 12(b)(6) motion to dismiss. As the Town's motion is a pseudo-Rule 56 Motion for Summary Judgment, it should be noted that the determination of whether a person is acting within their official capacity at the time of the alleged incidents is a genuine issue of material fact for the fact finder to determine.

Defendants next address Nemoda's common law conspiracy claim. Nemoda, again, provided "a short and plain statement of the claim showing that the pleader is entitled to relief" Fed. R. Civ. P. 8. Nemoda has satisfied the requirement that her pleading provide notice of the claims she wishes to present against the Town.

Defendant Piccolo and others conspired to protect Defendant Piccolo, despite her direct receipt of the groceries. Further, the Town also conspired to hold a hearing without proper due process to Nemoda, specifically by emailing amongst themselves in violation of the open meeting law and in violation of Nemoda's due process rights. In addition, the Town never made

proper findings that Nemoda had received a gift in excess of $50.00 in any of the "hearings" it conducted. These conspiracies and agreements made by Defendants interfered with Nemoda's legal rights. These factual questions are deserving of some testimony by the Defendants in discovery.

The Town next alleges that Town officials were acting in their official capacities and therefore should be immune from suit. Whether the Town officials were acting as individuals or in their individual capacities in connection with the allegations of Nemoda's Complaint are questions of fact to be determined in this case. As such, Nemoda clearly has provided notice of her claim and supporting facts thereto in her Complaint. And, the Town's Motion to Dismiss should be denied.

The Town cites to an "intentional interference with contract action" and what Nemoda must prove to prevail. While Nemoda appreciates Defendant's recitation of the elements of intentional interference with a contract action, as previously pointed out in this motion, this type of argument is better suited for a Rule 56 Motion for Summary Judgment and is misplaced here. Given the opportunity, Nemoda will eagerly gather the facts necessary to prevail in her claims. Under Rule 12(b)(6), the facts as pled provide a basis for this claim and therefore there are grounds upon which relief can be granted to Nemoda.[4]

With regard to the claim that the negligence claim lacking in clarity regarding "*which* of the Town officials engaged in *what* conduct that Nemoda contends was "negligent." Memorandum, pg. 14. Nemoda reasserts the caption of this case, which clearly states that the

[4] Again, It should be noted that the Defendants cite to the elements of the cause of action and then argue "Ms. Nemoda must prove that. . ." Memorandum, pg. 13. This argument is more consistent with a Rule 56 Motion for Summary Judgment, and not a Motion to Dismiss under Rule 12(b)(6).

Defendants are being sued jointly and severally. As fact gathering discovery is completed, it is perhaps possible to determine which Defendants acted egregiously towards Nemoda in the various scenarios presented in the Complaint. However, it is premature to determine exactly what actions each Defendant took at this juncture of the case.

In its next argument, the Town makes the bald assertion that a claim of conspiracy and a claim of negligence are wholly inconsistent, Memorandum, pg. 14. The Town offers no further support for how these two causes of action are mutually exclusive. Nemoda does not make that leap and respectfully asserts that it is possible and probable that the Town will be found liable under both causes of action, or one or the other. Nemoda properly provided notice pleading to the Town and has stated two grounds upon which relief could be granted.

The Town continues by arguing that the Workman's Compensation Act does provide remedies for personal injuries if the injury arises out of and in the course of employment. However, here, the egregious behavior of the Town employees may have occurred in a manner outside the regular course of employment (hence suing them both in their official and individual capacities).

The Town next argues that the Open Meeting Law was not violated and Nemoda may not independently pursue this claim. If the court is inclined to just take the word of either party as true, as the Town would restructure the American system of civil litigation, and proceed to disposition of this case without the formality or tedious practice of actually having to litigate the claims, then Nemoda respectfully requests that the court find in her favor, and award her damages. Otherwise, she argues that the present adversarial system be allowed to advance by rejecting the Town's clairvoyant and/or suggestive and/or bald assertions.

The Town goes on to write "[a]ssuming *arguendo* that Nemoda can independently pursue this claim, the Town submits that this Court need not retain jurisdiction to hear that one claim or, for that matter, any of her state or common law claims." Memorandum, pg. 15. However, the case cited by Defendants in support of this proposition, *Parker v. Hurley*, 474 F.Supp.2d 261 (D. Mass. 2007), is completely inapposite in facts, legal discussion and conclusion to constitute persuasive argument.

In *Parker*, Plaintiff's were religiously conservative and sued the Defendant school district where their children attended classes for using books which featured homosexual families. The Court discussed the lengthy precedence which has been established for school systems in balancing the interests of the parents in raising their children versus the interests of the school systems. In that case, the Plaintiff's case was dismissed for failure to present a constitutional question. Here, Nemoda has presented a well plead Complaint that allows for grounds upon which relief *could* be granted that posits Constitutional questions. Nemoda contends that the factual dissimilarities are too grand for the cases cited by the Town to persuade the Court to dismiss Nemoda's claims and, that even if it somehow applied to the case now at bar, that a different result is required.

Defendants next argue that the Town officials are subject to qualified immunity because they did not know their conduct was violating the law. The Town official's state of mind is a genuine issue of material fact worthy of exploration by Nemoda in discovery, and, therefore, the Town's Motion must be denied.

As recognized in Defendant's citation to *Estrada v. Rhode Island*, the crux of qualified immunity is "whether, on the facts of the case, a 'reasonable defendant' would have understood

that his conduct violated the Plaintiff's constitution [or statutory] rights." 594 F.3d 56, 62 (1st Cir. 2010). The Town's bald assertion on page 16 of its Memorandum in Support of Motion to Dismiss, that the Defendants did nothing wrong is mere self serving rhetoric that does nothing to advance its motion.

## IV. CONCLUSION

For this preceding reasons, and for such other reasons as may be advance at hearing, the Town's Motion to Dismiss pursuant to Fed. Rule Civ. P. 12(b)(6) must be DENIED, together with any other such relief that this Court deems meet and just.

Respectfully Submitted,
The Plaintiff,
By her Attorneys,

Dated: April 22, 2011

/s/ John G. DiPiano

John G. DiPiano (BBO#630134)
Stephanie A. Wittbecker (BBO#675572)
DiPIANO GODSON LLP
210 Broadway, Suite 202
Lynnfield, MA 01940
781-780-7080 (tel.)
781-780-7081 (fax.)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, Plaintiff's Memorandum Of Law in Support of Opposition To Town Of Burlington's And Town Officials' Motion To Dismiss Plaintiff's Complaint, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on April 22, 2011.

/s/ John G. DiPiano
John G. DiPiano